Aug. 10,
1876.                    HIGGINS *v.* HIGGINS.

*Husband and wife—Injunction.*

The power of the court, under Gen. Stats., ch. 164, sec. 9, to grant injunctions is discretionary, and will not be exercised when it is apparent that such exercise will tend to promote rather than to prevent fraud and injustice,—as, *e. g.*, when the child's presence in the state for six months has been effected by the fraudulent misrepresentations and concealment of the mother.

FROM MERRIMACK CIRCUIT COURT.

PETITION, for injunction to restrain the defendant from taking the child of the parties, brought under secs. 5, 8, and 9 of ch. 164 of the Gen. Stats. The facts are sufficiently shown in the opinions of the court.

*Sargent & Chase*, for the plaintiff.

*John Y. Mugridge, F. P. Goulding*, and *Fred. H. Gould*, for the defendant.

CUSHING, C. J. By Gen. Stats., ch. 164, sec. 5, it is provided as follows: " If any woman, the wife of an alien or of a citizen of another state, has resided in this state six months successively, separate from her husband, she may make contracts, may acquire and hold real and personal estate, and may convey the same in the same way and manner as if sole and unmarried, sue and be sued in her own name for

any cause of action accruing during such separate residence, and have the exclusive care, custody, and guardianship of her minor children living with her in this state, and the earnings of such children shall be expended in the same manner as if her husband had deceased ; but such woman shall not contract another marriage, nor sue or be sued for a breach of such contract."

By section 9,—" Upon her application a guardian may be appointed for such child, and the supreme court, or either of the justices thereof, may issue an injunction restraining the father and all other persons from removing said child from this state against the consent of the mother, and make such further orders and decrees as shall secure to her or to said guardian the custody of such child."

Under this statute the petitioner sets forth substantially that her husband, the respondent, resides in Massachusetts; that she has resided in this state separated from him for the space of six months, and that their daughter, Isabel, an infant of tender years, has been residing with her ; that a guardian has been appointed to her said child under said statute; and praying that her husband, the petitioner, may be restrained by injunction from interfering with her.

The case does not show any fault on the part of the defendant,—any reason why the wife should be separated from him, or any want of proper care, or any neglect of the child. The petitioner puts herself squarely on the fact of her residence with the child in New Hampshire for the space of six months, and claims that the statute be literally enforced against the father.

In answer to this, the respondent, the husband and father, offers to show that he permitted his daughter to come with her mother into the state, by reason of the fraudulent representations of the mother and the guardian that there should be no attempt to deprive him of the custody of his child ; that he should be permitted to see her whenever he chose, to take her home with him ; and that they would never do anything to deprive him of his legal rights as a father ; and that when he came into this state, long before the six months had elapsed, for the purpose of taking his daughter, she was fraudulently secreted from him, so that he could not assert his control over her until the expiration of that time.

The power of this court to grant writs of injunction is defined in Gen. Stats., ch. 190, sec. 1; and the words of the statute are, that the court " may grant writs of injunction whenever the same is necessary to prevent fraud or injustice." It is under this general statute that the statute first cited provides that writs of injunction may be granted, in the cases contemplated under that statute.

The duty of the court to interfere by injunction in this summary way is not by the statute peremptory, but discretionary. It is not said that the court shall, but that the court may, grant injunctions when necessary to prevent fraud or injustice.

In the present case the defendant's position is, that he ought to be permitted to show by testimony not only that the injunction is not

necessary for the prevention of fraud and injustice, but that it would in fact tend to the promotion of such fraud and injustice.

The plaintiff's position is, that the question of fraud and injustice on her part is of no consequence. *Lex ita scripta* is her ground of reliance. She maintains, that, because the law provides that certain consequences shall follow from a certain state of facts, it is of no consequence how that state of facts has been brought about.

It is not necessary to determine now what would be the result if the respondent were before the court for a violation of the statute. What we have to determine is, whether this is a case where the defendant ought to be permitted to show that the court, in the exercise of its discretion, ought not to put in motion its extraordinary preventive powers.

I am of opinion that the defendant ought to be permitted to put in evidence the facts proposed, and that if he succeeds in making out the case he states, the injunction ought not to issue, since, instead of preventing fraud and injustice, it would tend strongly to promote them.

LADD, J., concurred.

SMITH, J. The evidence offered is admissible as tending to show the circumstances under which the petitioner came here, and whether she is really living here separate from her husband. What weight should be given to it is for the judge who may try the case to determine.

*Exceptions sustained.*